

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK STOCCO, an individual and KATHLEEN STOCCO, an individual,<br><br>   Plaintiffs,<br>vs.<br>GEMOLOGICAL INSTITUTE OF AMERICA, INC., a California Corporation; and Does 1 through 100,<br>   Defendant. | CASE NO. 12-CV-1291 WQH (DHB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint and Add Party Plaintiff filed by Plaintiffs. (ECF No. 20).

**BACKGROUND**

On April 19, 2012, Plaintiffs Frederick Stocco and Kathleen Stocco filed a complaint against Defendant in San Diego Superior Court. (ECF No. 1). On May 29, 2012, Defendant removed the complaint to this Court. (ECF No. 1-3).

On July 10, 2012, Plaintiffs filed the First Amended Complaint against Defendant, purporting to assert the following claims for relief: (1) fraudulent misrepresentation; (2) negligence; (3) breach of written contract; (4) fraud in the inducement; (5) failure to provide franchise offering circular, in violation of California Corporation's Code section 31119; and (6) unfair business practices, in violation of

California Business & Professions Code section 17203. *Id.*

On January 3, 2013, the Court granted a motion to dismiss filed by Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed claims three, four, five and six of the First Amended Complaint. (ECF No. 15).

On February 19, 2013, Plaintiffs filed the Motion for Leave to File Second Amended Complaint and Add Party Plaintiff, accompanied by a proposed Second Amended Complaint. (ECF No. 16). On March 11, 2013, Defendant filed an opposition, contending that amendment would be futile and that Plaintiffs were aware of the facts they seek to add at the time the original Complaint was filed. (ECF No. 24). On March 18, 2013, Plaintiffs filed a reply. (ECF No. 25).

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the *Foman* factors). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Citing *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1324 (9th Cir. 1982), Defendant contends that the Court should deny leave to amend because "[Plaintiffs] knew or should have known of the facts upon which they base their amendment at the

time they filed their original Complaint." (ECF No. 24 at 8). In *Jordan*, the Court of Appeals for the Ninth Circuit found no abuse of discretion in the district court's denial of the plaintiff's motion to amend his complaint because "the district court explicitly found that [plaintiff's] amendment would have prejudiced the [defendant] by requiring it to engage in further discovery." *Jordan*, 669 F.2d at 1324, *judgment vacated on other grounds, Cnty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982). "Moreover," the Ninth Circuit stated, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Id.*

After review of the filings of the parties, the Court finds that there has been an insufficient showing of prejudice to Defendant or undue delay in bringing the proposed allegations to overcome the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* Assuming, without deciding, that Plaintiffs knew of the factual allegations they seek to add at the time the First Amended Complaint was filed, the Court would still decline to exercise its discretion to deny leave to amend under the facts of this case. *See Jordan*, 699 F.2d at 1324 (a motion to amend "may" be denied based on plaintiff's lack of diligence). To the extent Defendant contends that amendment is futile, the Court defers consideration of the merits until after Plaintiffs file the amended pleading. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint and Add Party Plaintiff (ECF No. 20) is GRANTED. No later than ten (10) days from the date this Order is filed, Plaintiffs may file the proposed Second Amended

Complaint which is attached to the Motion for Leave to File Second Amended Complaint and Add Party Plaintiff.

DATED: 5/15/13

WILLIAM Q. HAYES
United States District Judge