# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK STOCCO, an individual, KATHLEEN STOCCO, an individual, and GIA FLORENCE SRL, and Italy company,<br><br>　　　　　　　　　　　Plaintiffs,<br>　　vs.<br>GEMOLOGICAL INSTITUTE OF AMERICA, INC., a California Corporation; and Does 1 through 100,<br>　　　　　　　　　　　Defendant. | CASE NO. 12-CV-1291 WQH (DHB)<br><br>**ORDER OF REMAND** |

HAYES, Judge:

On April 19, 2012, Plaintiffs Frederick Stocco and Kathleen Stocco (the "Stoccos") filed a Complaint against Gemological Institute of America, Inc. ("GIA") in the Superior Court of California for the County of San Diego. (ECF No. 1). On May 29, 2012, Defendant removed the action to this Court solely on the basis of federal question jurisdiction. (ECF No. 1). In the notice of removal, Defendant stated that Plaintiffs' third cause of action for fraud-misrepresentation and fourth cause of action for negligence allege that "(1) GIA had a duty under the Internal Revenue Code to file a 'certificate of coverage' for Plaintiffs, (2) GIA breached this duty by failing to file the certificate of coverage, and (3) Plaintiffs were damaged thereby." *Id.* at 2.

On May 28, 2013, the Stoccos and GIA Florence SRL ("GIA Italy")

(collectively, "Plaintiffs") filed the Second Amended Complaint ("SAC") against GIA. (ECF No. 29). The SAC asserted the following claims for relief: (1) fraudulent misrepresentation, brought by the Stoccos; (2) negligence, brought by the Stoccos (3) breach of written contract, brought by GIA Italy; and (4) failure to provide franchise offering circular in violation of California Corporations Code § 31119, brought by all Plaintiffs. The Stoccos' fraudulent misrepresentation and negligence claims both alleged that GIA "had a duty, as employer, and per Section 3121(1) of the Internal Revenue Code, to file a 'certificate of coverage' for the Stoccos and to contribute to the Stoccos' United States Social Security accounts." *Id.* at 10.

On July 30, 2014, Defendant filed a motion for summary judgment on the Stoccos' fraudulent misrepresentation and negligence claims and GIA Italy's breach of contract claim. (ECF No. 46). Defendant contended that the Internal Revenue Code section 3121(l)(1) imposes no duty on Defendant to file a "certificate of coverage" on the Stoccos' behalf because "IRC Section 3121(l) makes clear that American employers 'may,' **but are not required to**, enter into an agreement that allows employees of its foreign subsidiaries to contribute to the U.S. Social Security system in lieu of paying into a foreign system." (ECF No. 46-1 at 19) (emphasis in original). In opposition, the Stoccos stated that "GIA has only argued that their duty was not imposed by statute, Plaintiffs do not dispute that. However, Plaintiffs believe that GIA owed a duty of care based upon the employment relationship of the parties, the contractual relationship of the parties, GIA's voluntary assumption of a duty, and/or based upon the totality of the circumstances." (ECF No. 48-1 at 13).

On September 25, 2014, the Court issued an Order to Show Cause regarding subject matter jurisdiction in light of the Stoccos' concession. (ECF No. 58). The Court ordered that "the parties are to file memoranda addressing whether this Court has subject matter jurisdiction to resolve the issues in this case, and the parties are ORDERED TO SHOW CAUSE as to why this case should not be remanded to San Diego Superior Court." *Id.* at 3. On October 15, 2014, Defendant filed a response to

the Order to Show Cause. (ECF No. 59). Defendant contended that until judgment is entered in favor of Defendant on Plaintiffs' federal claims, the Court had federal question jurisdiction over the case. Defendant contended that, even if the Court were to grant summary judgment in favor of Defendant GIA on the Stoccos' federal claims, the Court would have diversity jurisdiction over GIA Italy's breach of contract claim against Defendant GIA.

On February 5, 2015, the Court issued an Order granting Defendant's motion for summary judgment on all of Plaintiffs' claims. (ECF No. 71). Defendant's counterclaims remain pending.

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if.... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A district court has discretionary authority to remand under 28 U.S.C. § 1367(c). *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*,

484 U.S. 343, 350 n.7 (1970)) (emphasis in original). "Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed." *Id.* at 993-94. "Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Cohill*, 484 U.S. at 357; *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("Dismissal of the federal claim would ... ordinarily ... have authorized the district court to remand the pendent state law claims.").

In this case, Defendant GIA removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1). The notice of removal does not assert diversity of citizenship.[1] The remaining claims in this case are three counterclaims

---

[1] Even if diversity of citizenship was asserted in the notice of removal, diversity jurisdiction does not exist in this case. The Stoccos allege that they are United States citizens, but they do not allege to be citizens of any state. (ECF No. 1-3 at 3; ECF No. 29 at 2). Absent an allegation that the Stoccos are citizens of any particular state as United States citizens, the Court lacks diversity jurisdiction over this case. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.... [T]he language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity."); *see also Williams*, 471 F.3d at 977 ("Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal

asserted by Defendant GIA against all Plaintiffs: (1) breach of contract; (2) breach of contract; and (3) fraud. The Court has not addressed the merits of Defendant GIA's counterclaims. Taking into consideration the values of economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Defendant GIA's state-law counterclaims.

IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2012-00095952-CU-FR-CTL. There are no claims remaining in this case. The Clerk of the Court shall enter judgment.

DATED: February 19, 2015

**WILLIAM Q. HAYES**
United States District Judge

---

notice. Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court.").